IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOM DAUENHAUER, | CV 12–33–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GREEN INVESTMENT GROUP, INC., an Illinois corporation; M2GREEN REDEVELOPMENT, LLC, an Illinois limited liability company; ABC CORPORATION 1–10; and JOHN DOE A–J; | |
| Defendants. | |
| M2GREEN REDEVELOPMENT, LLC, an Illinois limited liability company, | |
| Counterclaimant, | |
| vs. | |
| TOM DAUENHAUER, | |
| Counter-Defendant. | |

1

| |
|---|
| M2GREEN REDEVELOPMENT, LLC, an Illinois limited liability company, |
| Third-Party Plaintiff, |
| vs. |
| BRIDGER THREE, INC., a Montana corporation, and JOHN DOES 1–10, individuals or entities, |
| Third-Party Defendants. |

This case involves a dispute over an alleged agreement for services between Tom Dauenhauer and the defendants. The Court recently granted in part and denied in part summary judgment on many of Dauenhauer's claims, as well as M2Green Redevelopment LLC's counterclaims. (Doc. 87.) The defendants filed three motions in limine, asking the Court to exclude more than 25 categories of evidence in total. Dauenhauer opposes two of those motions. The Court grants the motions in part and denies them in part.

The parties also filed a stipulated motion to vacate the trial date and remaining pretrial deadlines to allow them more time to negotiate a settlement. They ask for a three-month deadline to file a status report. The Court denies the motion but offers the parties additional time within the existing schedule for settlement negotiations.

Because the parties are familiar with the facts, they are stated here only when necessary to explain the Court's decision.

**MOTION IN LIMINE STANDARD**

Courts have "wide discretion" in considering and ruling on a motion in limine. *Ficek v. Kolberg–Pioneer, Inc.*, 2011 WL 1316801 at *1 (D. Mont. Apr. 5, 2011) (citing *Trichtler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004)). But a Court will grant a motion in limine and exclude evidence only if the evidence is "inadmissible on all potential grounds." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. Oct. 26, 2010) (citations and internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citations and internal quotation marks omitted). "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citations and internal quotation marks omitted).

**ANALYSIS**

**I.  Evidence and testimony from Michele McCann**

The defendants first move to exclude evidence and testimony from one of

Dauenhauer's experts—Michelle McCann. The defendants argue that her opinions are irrelevant, speculative, conclusory, and that she is not qualified to offer expert opinion on Dauenhauer's emotional condition. The Court grants the motion in part and denies it in part.

### A.     Relevance of McCann's analysis and testimony

The defendants first argue that McCann's analysis of the value of Dauenhauer's services as a site manager is irrelevant because it presents an apples and oranges analysis. The defendants maintain that Dauenhauer, by his own admission, has always sought to be compensated for his site manager services on only a commission basis. McCann, however, analyzed the value of Dauenhauer's services in terms of only wages, salary, bonuses, and benefits. So, the defendants argue, since the two compensation structures are different, McCann's analysis is irrelevant.

In support of their claim that Dauenhauer never proposed to be compensated as a site manager on anything other than a commission basis, the defendants point to Dauenhauer's complaint and deposition. Those documents, though, do not preclude Dauenhauer from basing his damages on a wage/salary-based computation rather than a commission-based calculation.

First, while the complaint does discuss the alleged commission arrangement,

it does not state that Dauenhauer calculates his damages resulting from his site-manager duties on a commission basis. In fact, Dauenhauer's complaint implies that his duties as site manager were not contemplated in the commission-based arrangement.

Second, Dauenhauer's deposition does not conclusively show how he calculates the value of his alleged site manager services. On the one hand, Dauenhauer affirmed that he "never asked for compensation any other way other than on a commission sales basis." (Doc. 57 at 95.) But Dauenhauer quickly clarified that "I think I understand your question—I'm after compensation for what I did as a site—plant manager as well." (*Id.*) Dauenhauer stated he did not have a compensation arrangement with any of the defendants for his alleged site manager services, much less a commission-based arrangement. His statement, then, can be interpreted as claiming that, in addition to the commission-based services, he also provided site-manager services, for which there was no agreed upon compensation arrangement (commission-based or otherwise). Dauenhauer's deposition, then, is inconclusive.[1]

---

[1] Regardless, statements made at a deposition are not binding on the deponent. *See e.g. Wright v. FBI*, 241 Fed. Appx. 367, 368 (9th Cir. June 29, 2007) ("Statements made at a deposition, unlike statements made in response to requests for admission, are not binding on the deponent." (citations omitted)).

Dauenhauer's complaint and deposition do not help the defendants' arguments. Without more, the Court will not grant their motion on this basis. The defendants did not, for instance, provide to the Court Dauenhauer's initial disclosures where he was required to lay out how he calculates his damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Those disclosures (and supplements) bind the parties, and parties who fail to disclose required information (e.g. how a plaintiff calculates his damages) may be barred from using that undisclosed information at trial. *See* Fed. R. Civ. P. 26(e), 37(c)(1).

The defendants make several other arguments as to why McCann's analysis is irrelevant, but each goes to the weight, not the admissibility, of her testimony. (*See* Defendants' Opening Br., doc. 77 at 21–22.) The Court defers until trial its ruling on the relevancy of McCann's testimony "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *BNSF*, 2010 WL 4337827 at *1.

### B. Commentary

The defendants next argue that many of McCann's opinions should be excluded because they offer hyperbolic color commentary, rather than scientific, technical, or other specialized knowledge that will assist the trier of fact. *See United States v. W.R. Grace*, 455 F. Supp. 2d 1156, 1169–70 (D. Mont. 2006)

(concluding that expert opinion that "merely comments on the evidence or absence thereof" is excludable under Fed. R. Evid. 702). The defendants provide more than 20 examples of such comments in their opening brief. (*See* Defendants' Opening Br., doc. 77 at 23–27.) Dauenhauer offers no challenge to this objection.

McCann's report might very well contain inadmissible commentary, but the Court will not make a laundry list of what would or would not constitute impermissible commentary. The defendants are free to object at trial to such testimony, but the Court's ruling on that potential testimony is best left for trial when it can be evaluated in the proper context. *BNSF*, 2010 WL 4337827 at *1.

### C. Dauenhauer's emotional well-being

The defendants argue that the Court should bar McCann from offering any testimony as to the "emotional toll" that Dauenhauer's business relationship with the defendants had on Dauenhauer. The defendants argue: (1) McCann is not qualified to offer such testimony, (2) she has no evidence to support her opinions, (3) her testimony would confuse the jury, and (4) Dauenhauer has not alleged an emotional distress claim, which makes the testimony irrelevant. Dauenhauer responds: "Clearly, eliciting information from clients such as Plaintiff concerning their feelings and emotions is a normal part of the assessment process and such information is reasonably and routinely relied upon by experts in the vocational

field in forming their conclusions." (Dauenhauer's Response Br., doc. 82 at 14.)

The relevance of this testimony, though, is not "clear." Dauenhauer concludes that the testimony is relevant, but he offers no explanation whatsoever for why it is relevant to the claims at issue here. He simply states that vocational experts rely on information about an individual's stress and emotional well-being, but he does not identify any component of his case to which that information is relevant.

The defendants have the better argument. Dauenhauer has not made a claim for emotional distress. McCann is not qualified to offer an expert opinion on Dauenhauer's emotional well-being. And the testimony would likely confuse the jury.

Dauenhauer has not shown any ground on which McCann's testimony regarding his emotional well-being would be admissible. The Court therefore excludes it.

### D. Objections to expert disclosures

Finally, the defendants filed two separate objections to McCann's expert disclosures, one objection on January 23, 2013, (doc. 43) and one on March 7, 2013 (doc. 46). Dauenhauer's first objection (doc. 43) makes many of the same arguments that he makes in his motion in limine, so the Court need not address

them again. But Dauenhauer also argues that McCann's expert disclosure was untimely because an exhibit, intended to be attached to the disclosure, was sent to Dauenhauer one day late. The defendants ask that Dauenhauer be sanctioned as a result.

A day after Dauenhauer's expert disclosures were due, he sent the defendants a letter saying: "Mr. Beal and Mr. Horrell: My apologies—enclosed please find information that should have been included as part of Exhibit B of *Tom Dauenhauer's Expert Disclosure*. Please do not hesitate to contact me with questions or concerns." Despite their objection to what facially appears to be an accidental oversight, the defendants do not allege that they suffered any harm at all from Dauenhauer's one-day-late disclosure. Indeed, it is hard to imagine that they would have. And it is equally hard to imagine that challenging a seemingly harmless one-day-late disclosure (due to an apparent accidental omission) is the best use of an attorney's time. The Court notes the defendants' objections but imposes no sanctions.

The defendants' second objection (doc. 46) is more problematic for Dauenhauer. The defendants argue that McCann produced a substantial amount of new information at her deposition on February 26, 2013, that she should have produced in her initial disclosures by January 9, 2013. The defendants claim that

much of this new information was available to McCann before January 9, 2013, so McCann could have timely disclosed it. The defendants do not ask for a specific sanction or remedy in their objection (e.g., barring the use of the previously undisclosed information at trial), but the Court nonetheless orders Dauenhauer to respond to the objection.

## II. Defendants' motion as to various categories of evidence

The defendants also filed a motion to exclude 15 categories of evidence regarding various issues. (*See* doc. 80.) At the outset, the Court is mindful of the standards governing motions in limine. Even if evidence is clearly inadmissible on some grounds, a motion in limine should be granted only if the evidence is "inadmissible on all potential grounds." *BNSF*, 2010 WL 4337827 at *1. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citations and internal quotation marks omitted).

Subject to a couple exceptions below, the Court denies the defendants' motion. For most of the 15 categories of evidence at issue, the defendants' ask the Court to assess the admissibility of nuanced factual allegations concerning the relationship between the parties, the parties' relationships with other persons and entities, the parties' histories, and representations and promises the parties

purportedly made to one another. (*See* doc. 80.) Certainly, much of this evidence might be inadmissible in some respects, but these are precisely the types of evidentiary rulings that "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* And, significantly, many of the categories of evidence might no longer be at issue in light of the Court's previous summary judgment order, but that is not entirely clear, since the summary judgment order was filed after briefing for the motions in limine was complete.

Consistent with the discussion above, though, the Court grants the defendants' motion to preclude McCann from offering evidence related to Dauenhauer's emotional condition.

The Court also grants the defendants' motion to preclude evidence that Dauenhauer "complied with, satisfied, or essentially complied with/satisfied the real estate statutes or standard of care for real estate salespersons/brokers." The Court previously granted summary judgment in favor of M2Green on this issue, which precludes Dauenhauer from arguing that he complied with the statutes or standard of care.

As part of their motion, the defendants also ask the Court to bar witnesses from offering legal opinions. Indeed, witnesses may not offer opinions on ultimate

issues of law. Fed. R. Evid. 704; *see e.g. Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). But the Court need not issue a general, blanket exclusion in the absence of some specific dispute. The attorneys, not the Court, are charged with making proper objections at trial to such testimony. This aspect of the defendants' motion is therefore denied subject to renewal at trial, when it may be raised in a specific context.

The defendants motion is denied in all other respects, subject to renewal at trial. While some of the categories of evidence at issue might be inadmissible on some grounds, the defendants have not shown that they are inadmissible on all possible grounds. *BNSF*, 2010 WL 4337827 at *1. That determination can only be made at trial when the facts of the case and the parties' arguments are fully developed. Moreover, as noted above, many of the categories of evidence might no longer be at issue in light of the Court's previous summary judgment order.

### III. Defendants' unopposed motion in limine

Finally, the defendants move to exclude 10 categories of evidence, which Dauenhauer does not oppose. (*See* doc. 78). The Court grants the motion.

### IV. Parties' stipulated motion to vacate

The parties jointly move to vacate the trial and remaining pretrial deadlines to allow them more time to negotiate a settlement. They ask for a three-month

deadline to file a status report. The Court denies the motion. The existing schedule provides sufficient time to continue settlement negotiations, particularly in light of the summary judgment order that substantially narrowed the issues in this case. The Court is mindful of counsels' need for time to engage in negotiations, but that need must be balanced against the parties' interest in an expeditious resolution of their case. The Court, however, modestly extends the remaining pretrial deadlines.

## Conclusion

IT IS ORDERED that the defendants' motion to exclude evidence and testimony from Michele McCann (doc. 76) is GRANTED IN PART and DENIED IN PART. McCann is barred from offering testimony or evidence concerning Dauenhauer's emotional well-being. The motion is denied in all other respects, subject to renewal at trial.

IT IS FURTHER ORDERED that the defendants' motion in limine as to various issues (doc. 80) is GRANTED IN PART and DENIED IN PART. Dauenhauer is barred from offering evidence or testimony (1) related to his emotional well-being and (2) that he complied with real estate statutes or the standard of care for real estate salespersons or brokers. The motion is denied in all other respects, subject to renewal at trial.

IT IS FURTHER ORDERED that the defendants unopposed motion in

limine (doc. 78) is GRANTED.

IT IS FURTHER ORDERED that no later than seven days from the date of this order, Dauenhauer shall respond to the defendants' second objection (doc. 46) regarding Dauenhauer's expert disclosure.

IT IS FURTHER ORDERED that the parties' stipulated motion to vacate the trial date and remaining pretrial deadlines (doc. 88) is DENIED. The trial date remains September 16, 2013. The final pretrial conference, however, is moved to September 10, 2013, at 1:30 p.m. at the Russell Smith Courthouse in Missoula, Montana. The pretrial deadlines are adjusted as follows:

| | |
|---|---|
| Week of August 26, 2013 | attorney conference to prepare final pretrial order |
| September 5, 2013 | e-file final pretrial order, proposed jury instructions, proposed voir dire questions, and trial briefs to dlc_propord@mtd.uscourts.gov; provide notice to court reporter of intent to use Real Time; provide notice to I.T. Supervisor of intent to use CD-ROM or videoconferencing. |

Dated this 20th day of August 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court